

U.S. Department of Justice

*United States Attorney*

*Eastern District of New York*

| | |
|---|---|
| CMP | *271 Cadman Plaza East* |
| F. #2013R00444 | *Brooklyn, New York 11201* |

May 29, 2013

<u>By ECF and FEDEX</u>

Beth Mina Farber, Esq.  
80 Pine Street , 33rd Floor  
New York, NY 10005

Patrick J. Brackley Esq.  
233 Broadway, Suite 801  
New York, NY 10279

Joseph Anthony Gentile, Esq.  
Frankie & Gentile, P.C.  
1527 Franklin Avenue , Suite 104  
Mineola, NY 11501

Geoffrey S. Stewart, Esq.  
350 Broadway, Suite 700  
New York, NY 10013

Zachary Margulis-Ohnuma, Esq.  
260 Madison Avenue, 18th Floor  
New York, NY 10016

Lawrence A. Dubin, Esq.  
401 Broadway, Suite 306  
New York, NY 10013

Murray Richman, Esq.  
2027 Williamsbridge Road, 3rd Floor  
Bronx, NY 10461

   Re: United States v. Lajud-Peña, et al.  
     <u>Criminal Docket No. 13-259 (KAM)</u>

Dear Counsel:

   Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure.  The government also requests reciprocal discovery from the defendants.

I.    The Government's Discovery

    A.    Statements of the Defendant

The government will provide reports of any post-arrest statements by the defendants individually in separate disclosures.

    B.    The Defendant's Criminal History

The government will provide any criminal history reports to the relevant defendants individually in separate disclosures.

    C.    Documents and Tangible Objects and Reports of Examinations and Tests

Enclosed is a DVD containing the following discovery items:

1. Folder labeled "rodriguez_phone_report," containing a report of the forensic examination of defendant Elvis Rodriguez's iPhone, seized at the time of his arrest on March 27, 2013, as well as the underlying data (text messages, call logs, photographs, etc.).  Please note that certain explicit images stored on this iPhone have been redacted to protect the privacy of the individual depicted in those images.

2. Folder labeled "surveillance_imagery," containing still images and/or video images obtained from the following banks for various locations in New York City:

    a. Amalgamated Bank
    b. Bank of America
    c. Capital One
    d. Citibank
    e. JPMorgan Chase Manhattan

Please note that the subfolders for each bank are further organized by the event (RAKBANK unlimited operation on December 22, 2012 and Bank of Muscat unlimited operation on February 19-20, 2013), and the actual images are identified by the date and specific location of the transaction depicted therein.

3. Folder labeled "transaction_data," containing automated teller machine ("ATM") transaction data organized into the following Microsoft Excel spreadsheets:

    a. ATM transaction data showing fraudulent transactions executed in New York City on or about February 19-20, 2013, using compromised prepaid debit cards issued by Bank of Muscat.

  b. ATM transaction data showing all fraudulent transactions executed globally on or about February 19-20, 2013, using compromised prepaid debit cards issued by Bank of Muscat.

  c. ATM transaction data showing fraudulent transactions executed in New York City on or about December 22, 2012, using compromised prepaid debit cards issued by RAKBANK.

  d. ATM transaction data showing fraudulent transactions executed globally on or about December 22, 2012, using compromised prepaid debit cards issued by RAKBANK.

You may examine the physical evidence discoverable under Rule 16, including the mobile phone, by calling me to arrange a mutually convenient time.

  D. <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government anticipates calling experts at trial to testify about the results of forensic examinations of various electronic devices that may be introduced into evidence at trial.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

  E. <u>Brady Material</u>

The government is not aware of any exculpatory material regarding the defendants.  The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials.  <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

  F. <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendants with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.  The Defendants' Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendants allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendants' possession, custody or control, and that the defendants intend to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendants' possession, custody or control, and that the defendants intend to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendants intend to call at trial.

The government also requests that the defendants disclose prior statements of witnesses who will be called by the defendants to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendants have copies of those statements available for production to the government no later than the commencement of trial.  The government also requests that the defendants disclose a written summary of testimony that the defendants intend to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendants' intentions, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendants intend to rely in establishing the defense identified in any such notice.

III.  Future Discussions

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

        Sincerely,

        LORETTA E. LYNCH
        United States Attorney

By:   /s/ Cristina M. Posa
        Cristina M. Posa
        Hilary L. Jager
        Assistant U.S. Attorneys
        (718) 254-6668/6248

Enclosures
cc:  Clerk of the Court (KAM) (by ECF) (without enclosures)